IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MALIK A. WALLACE                                                                                      PLAINTIFF
ADC #180775

V.                            NO. 4:24-cv-00795-KGB-ERE

JIMMY COLEMAN, *et al*.                                                                      DEFENDANTS

## ORDER

*Pro se* plaintiff Mark. A. Wallace, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Wallace's complaint alleges that on July 16, 2024, after Corporal Sutton allowed inmate Z. Hawkins to enter his barracks, inmate Hawkins attacked him with a padlock, then stabbed him six times with a prison blade. Mr. Wallace sues Chief of Security Jimmy Coleman, Corporal Xavier Sutton, Warden Gary Musselwhite, and Deputy Warden Robert Pierce in both their individual and official capacity seeking monetary and injunctive relief. Mr. Wallace has now paid the statutory filing fee. *Doc. 5*.

Although Mr. Wallace names Defendants Coleman, Musselwhite, and Pierce as Defendants, his complaint fails to include any facts explaining what these Defendants did or failed to do that violated Mr. Wallace's constitutional rights. Accordingly, the Court will postpone the screening process to give Mr. Wallace the

opportunity to file an amended complaint clarifying his constitutional claims.[1] If Mr. Wallace fails to file an amended complaint, the Court will screen Mr. Wallace's original complaint, which will likely result in the dismissal of some of his claims.

1. **Pleading Deficiencies - No Supervisor Liability/Personal Involvement**

Defendants Coleman, Musselwhite, and Pierce cannot be held liable, based on their supervisory roles, for the unconstitutional conduct of others. In other words, the fact that these Defendants may be responsible for overseeing the ADC does not make them liable for every constitutional violation that occurs there. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F.3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

Mr. Wallace's amended complaint, if filed, must allege facts to show how Defendants Coleman, Musselwhite, and Pierce, or any other proposed Defendant, through his or her own actions, violated his constitutional rights.

**2.      Guidelines for Filing Second Amended Complaint**

Mr. Wallace has thirty days to file an amended complaint. If Mr. Wallace files an amended complaint, he should: (1) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (2) explain how each Defendant involved in that incident violated his constitutional rights; and (3) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Wallace's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Wallace should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this

lawsuit. Also, Mr. Wallace should not rely upon, or incorporate by reference, any allegations made in his complaint. In other words, Mr. Wallace's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Wallace need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

### 3. Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Wallace may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Wallace fails to file an amended complaint, the Court will screen the current complaint, which is likely to result in the dismissal of some of Mr. Wallace's claims.

3. The Clerk is instructed to provide Mr. Wallace a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order

Dated 17 October 2024.

_____
UNITED STATES MAGISTRATE JUDGE