**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MALIK A. WALLACE** **PLAINTIFF**

**v.** **Case No. 4:24-cv-00795-KGB**

**JIMMY COLEMAN, *et al.*** **DEFENDANT**

**ORDER**

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 65). Plaintiff Malik Wallace responded with objections to the Recommendation (Dkt. Nos. 66; 67). After careful consideration of the Recommendation and Wallace's objections, and after a *de novo* review of the record, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 65).

The Court writes separately to address Wallace's objections. Wallace is an inmate with the Arkansas Division of Correction ("ADC") who brings claims for violations of his constitutional rights under 42 U.S.C. § 1983 (Dkt. No. 65, at 1). Wallace's claims arise from a July 16, 2024, attack against Wallace by inmate Zebarrious Hawkins (*Id.*, at 2).[1] Wallace claims that defendant Corporal Xavier Sutton allowed Hawkins to enter Wallace's barracks, where Hawkins attacked Wallace. Wallace asserts a failure to protect claim against Sutton (*Id.*). Wallace also claims that the medical treatment he received after the attack from defendant LPN Kimberly Chambers constitutes medical deliberate indifference (*Id.*). Wallace sues both defendants in their official and individual capacities, and he seeks monetary and injunctive relief as to both defendants.

[1] Wallace's complaint and amended complaint do not mention inmate Westbrook, but the Recommendation and underlying motion for summary judgment suggest that inmate Westbrook may have also been involved in the attack.

Wallace objects to the Recommendation's determination that defendant Xavier Sutton is entitled to qualified immunity (Dkt. No. 66). Wallace argues that he has record evidence that demonstrates that Sutton frequently worked in the barracks he was supervising on the day of the attack (*Id.*, at 1). Wallace argues that Sutton's failure to follow policy allows for the reasonable inference that Sutton and Hawkins conspired to perform the attack or that Sutton intended for the attack to occur (*Id.*, at 1–4). Wallace also questions the veracity of Sutton's deposition testimony and suggests that Wallace has no way to know whether Sutton is telling the truth (*Id.*, at 5–7).

The Court overrules Wallace's objections. First, regardless of whether Sutton worked previously or regularly in the barracks at issue, Wallace has failed to come forward with record evidence to establish that Sutton knew or should have known of any information or concerns sufficiently specific to create a reasonable inference that Hawkins would attack Wallace. While assignment to a barrack is one element that can go towards whether a guard knew or should have known of a safety concern associated with Hawkins's presence in Wallace's barracks, familiarity with the inmates assigned to a set of barracks by itself is not enough to demonstrate that Sutton knew or should have known that Hawkins was a threat to Wallace.

Second, as the Recommendation explained, Wallace cannot bring a separate constitutional claim against Sutton for failure to follow ADC procedure (Dkt. No. 65, at 10). While failure to follow procedure may be indicative of constitutionally inadequate protection or care, it is not, in and of itself, a constitutional violation.

Third, while Wallace is allowed to question the veracity of Sutton's testimony, at summary judgment, Wallace must meet proof with proof. Fed. R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). Wallace has offered no proof in the form of record evidence that Sutton knew or should have known that Hawkins posed a threat to Wallace.

As such, even if there are questions about the veracity of Sutton's testimony, Wallace has failed to create a genuine dispute of material fact regarding his failure to protect claim against Sutton.

Wallace also objects to the Recommendation's deliberate indifference claim analysis (Dkt. No. 67). Wallace argues that he exhausted his administrative remedies by completing a grievance form (Dkt. No. 67, at 4). Wallace also cites his responses to interrogatories (Dkt. No. 67, at 2–4). The Court struggles to understand Wallace's objections but construes them as general disagreement with the course of medical treatment he received, a question about the authenticity of medical records, and an allegation that Chambers did not follow her supervisor's medical recommendations. The Court overrules Wallace's objections. First, Wallace's claims regarding the adequacy of his medical treatment are not supported by record evidence. Like Judge Ervin explained in the Recommendation, Wallace's argument against summary judgment are based upon "conclusory and speculative statements regarding his medical treatment and the validity of medical records." (Dkt. No. 65, at 12). Without record evidence to support his claims at the summary judgment stage, Wallace cannot prevail on a deliberate indifference claim. Likewise, even if Wallace disagrees with the Chambers's conduct, Wallace has failed to present record evidence that Chambers's course of action was so inappropriate as to constitute deliberate indifference.

For the foregoing reasons, the Court overrules Wallace's objections. After a *de novo* review of the record, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 65). The Court grants defendants' motions for summary judgment (Dkt. No. 42; 52). The Court dismisses with prejudice Wallace's claims against defendants Sutton and Chambers. The Court dismisses Wallace's complaint consistent with the terms of this Order.

It is so ordered this 28th day of August, 2026.

Kristine G. Baker
Chief United States District Judge